854 So.2d 287 (2003)
Todd S. GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4887.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the commitment order entered under section 394.917(2), Florida Statutes (2001), the "Jimmy Ryce Act." The only issue appellant raises is whether the court erred in not instructing the jury that the state had to prove that appellant has serious difficulty in controlling his dangerous behavior. We affirm based on Westerheide v. State, 831 So.2d 93 (Fla. 2002), but certify the same question certified as one of great public importance in Lee v. State, 854 So.2d 709, 716, 2003 WL 21946444 (Fla. 2d DCA Aug.15, 2003), which is:
MAY AN INDIVIDUAL BE COMMITTED UNDER THE JIMMY RYCE ACT IN THE ABSENCE OF A JURY INSTRUCTION THAT THE STATE MUST PROVE THAT THE INDIVIDUAL HAS SERIOUS DIFFICULTY IN CONTROLLING HIS OR HER DANGEROUS BEHAVIOR?
GUNTHER and GROSS, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
In Westerheide our supreme court construed Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), in which the United States Supreme Court held that there must be proof of "serious difficulty" in controlling behavior. Westerheide, 831 So.2d at 107. The Florida Supreme Court found no error in the jury instructions in Westerheide because it concluded that the jury instruction given was close enough to the proof necessary under Crane:
While the instruction does not use the words `serious difficulty' in controlling behavior, it conveys this meaning. We accordingly find no constitutional infirmity in this instruction.
Westerheide, 831 So.2d at 109.
It thus appears to me that although Westerheide does not require the serious difficulty in controlling behavior language, *288 it actually supports the giving of such an instruction. Trial judges, in my opinion, would be well advised to give the instruction, even though Westerheide does not require it at the present time, because the United States Supreme Court has not yet addressed jury instructions in these cases. I don't see how anyone could object to such an instruction, since it would be consistent with the burden of proof established in Crane, and it could obviate the need for a new trial if the United States Supreme Court ultimately holds that such an instruction is necessary.