864 So.2d 1171 (2004)
Robert TABOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1972.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
Rehearing Denied February 18, 2004.
*1172 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was found to be a sexually violent predator under the Jimmy Ryce Act; however, his current incarceration is not for a sexually violent crime. Because he had completed his sentence for the sexually violent crime, he contends that the Ryce Act does not apply. We affirm, but certify the question as one of great public importance.
Appellant was convicted of armed sexual battery in Florida in 1984, and completed his sentence on October 3, 1991. In 1993 appellant was convicted and incarcerated for cruelty to animals, escape, battery on a law enforcement officer, and tampering with a witness. Prior to his release, the state filed the Ryce Act petition in September 2000.
The following facts, which are relevant to appellant's secondary argument that there was insufficient evidence that he *1173 is a sexually violent predator, are from appellant's brief.
In 1979 appellant was charged with the rape of a college student in West Virginia. He acknowledged having relations with the student, but asserted that it was consensual. This charge was ultimately dropped. During that same time period he was convicted of malicious wounding, following an altercation with a police officer, and incarcerated in West Virginia. After he completed that sentence, he was brought to Fort Lauderdale by the state attorney to testify, under a grant of immunity, in the prosecution of a 1976 murder.
As to the 1984 conviction for armed sexual battery resulting in this Ryce Act proceeding, the victim testified that appellant sexually assaulted her three times within a period of two hours after cutting her throat with a knife. Appellant did not deny it, but testified that he had been forced to commit these acts by a third person who was pointing a gun at him. On another occasion he claimed that he had been forced to do it by police officers from West Virginia, who were waiting outside the victim's window, and had threatened to kill appellant. Appellant completed his sentence for this crime on October 3, 1991.
Appellant was then charged in 1992 with animal cruelty as a result of breaking a puppy's neck with his foot. Appellant gave conflicting accounts of how the puppy had been injured in an accident and he was putting it out of its misery. He received probation for the animal cruelty, but in 1993 pled guilty to witness tampering, escape, resisting arrest with violence and battery on a law enforcement officer. He was incarcerated and conditionally released in 1995, but violated the conditional release resulting in his final incarceration.
Appellant concedes that he has an antisocial personality disorder, which one of the psychologists defined as resulting in impaired functioning or personal distress and characterized by a pervasive disregard for social norms and the rights of others. Tests also reflected that appellant had a high risk of committing offenses of a sexually violent nature, and there was expert testimony which was consistent with those test results. There was accordingly sufficient evidence to support the verdict.
Appellant also argues that the court erred in not instructing the jury that lack of volitional control is an element of proof. We affirm based on Gray v. State, 854 So.2d 287 (Fla. 4th DCA 2003) and Lee v. State, 854 So.2d 709 (Fla. 2d DCA 2003), and certify the same question of great public importance that we certified in Gray.
We now address the primary issue, a question of first impression, which is whether, in order for the Ryce Act to apply, the current incarceration must be for a sexually violent crime. This issue was not raised in the trial court, but we conclude that the error is fundamental, and can therefore be raised for the first time on appeal. Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970) ("fundamental error is error which goes to the foundation of the case"). Because the act does not link current incarceration to the sexually violent crime, and expressly includes convictions for such crimes from jurisdictions other than Florida, we hold that the act does apply to appellant.
Section 394.925, Florida Statutes (2000) provides:
Applicability of act. This part applies to all persons currently in custody who have been convicted of a sexually violent offense, as that term is defined in section 394.912(9), as well as to all persons convicted of a sexually violent offense and sentenced to total confinement in the future.
*1174 Section 394.912(9)(g) defines "sexually violent offense" as including "any federal conviction or conviction in another state for a felony offense that in this state would be a sexually violent offense."
Section 394.912(11) defines "total confinement" as, among other things, "being held in any other secure facility for any reason."
Section 394.913(1) provides:
The agency with jurisdiction over a person who has been convicted of a sexually violent offense shall give written notice to the multidisciplinary team, and a copy to the state attorney of the circuit where that person was last convicted of a sexually violent offense. If the person has never been convicted of a sexually violent offense in this state but has been convicted of a sexually violent offense in another state or in federal court, the agency with jurisdiction shall give written notice to the multidisciplinary team and a copy to the state attorney of the circuit where the person was last convicted of any offense in this state.
Appellant argues that section 394.925, which makes the act applicable to those "currently in custody who have been convicted of a sexually violent offense" is unclear. We do not agree. Even if we did agree that this provision, standing alone, was ambiguous, we would be bound to give effect to all provisions of the Ryce Act and construe related provisions in harmony with one another. Young v. Progressive Southeastern Ins. Co., 753 So.2d 80 (Fla. 2000); Palm Beach Cty. Canvassing Bd. v. Harris, 772 So.2d 1273 (Fla.2000) (all parts of a statute should be read together in order to achieve a consistent whole); M.W. v. Davis, 756 So.2d 90 (Fla.2000).
Appellant's argument that his current incarceration must be as a result of a sexually violent offense is refuted by the two other provisions of the Ryce Act, quoted above, which provide that a "sexually violent offense" includes federal convictions or convictions in other states. §§ 394.913(1) and 394.912(9)(g). A person in custody in Florida, whose only conviction for a sexually violent offense is from another jurisdiction, would not be in custody for a sexually violent offense. The non-Florida sentence for the sexually violent offense could be running concurrently, could have been completed, or could be consecutive to the Florida sentence. Under none of those scenarios would the current incarceration be as a result of the sexually violent offense.
Appellant's reliance on In re Detention of Gonzales, 658 N.W.2d 102 (Iowa 2003), is misplaced, because the Iowa statute is different. The Iowa statute applies to two classes of sexually violent offenders, those who are currently confined, and those who have been released but have committed a recent overt act. The Iowa Supreme Court concluded that requiring a recent overt act for one class, those who were not confined, but not requiring a recent overt act for those who are confined, "would raise serious [state and federal] constitutional issues." Id. at 105. The Iowa Supreme Court resolved this problem by finding the statute ambiguous and construing the statute to mean that the current confinement was for a sexually violent offense.[1]
Appellant also relies on Commonwealth v. McLeod, 437 Mass. 286, 771 N.E.2d 142 (2002), which construed the Massachusetts statute to require that the current incarceration be for the sexual offense. Under *1175 that statute, however, sexual offense was only defined as a Massachusetts conviction. M.G.L.A., 123A, § 1 (1999).[2] Accordingly, McLeod is also distinguishable.
We therefore affirm but certify this question as one of great public importance:
DOES THE RYCE ACT REQUIRE THAT THE CURRENT INCARCERATION BE FOR A SEXUALLY VIOLENT OFFENSE?
STONE and TAYLOR, JJ., concur.
NOTES
[1] The Iowa statute did define "sexually violent offense" as including offenses committed in other jurisdictions, section 229A.2 IA ST; however, the court's analysis made it unnecessary to address it.
[2] That definition was amended, effective April 1, 2003, to include non-Massachusetts convictions. St.2002, c. 492.