PER CURIAM.
Affirmed. We find the issues raised by appellant regarding the jury instructions, admission of certain evidence, and the sufficiency of evidence are without merit. We also find the trial court did not err in denying appellant’s motion for new trial and reinstating an order of civil commitment as a sexually violent predator based on appellant’s plea agreement. See State v. Harris, 29 Fla. L. Weekly S230, — So.2d -, 2004 WL 1064790 (Fla. May 13, 2004); Murray v. Regier, 872 So.2d 217 (Fla.2002). However, we certify as a question of great public importance the same question certified by our sister courts in Freeze v. State, 861 So.2d 1234 (Fla. 2d DCA 2003), and Gray v. State, 854 So.2d 287 (Fla. 4th DCA 2003):
MAY AN INDIVIDUAL BE COMMITTED UNDER THE JIMMY RYCE ACT IN THE ABSENCE OF A JURY INSTRUCTION THAT THE STATE MUST PROVE THAT THE INDIVIDUAL HAS SERIOUS DIFFICULTY IN CONTROLLING HIS OR HER DANGEROUS BEHAVIOR?
ERVIN and BOOTH, JJ., SMITH, LARRY G., Senior Judge, concur.