**In re DETENTION OF Jessie J. GONZALES.**

**State of Iowa, Appellee,**

v.

**Jessie J. Gonzales, Appellant.**

**No. 01–2066.**

Supreme Court of Iowa.

Jan. 23, 2003.

Rehearing Denied Feb. 21, 2003.

Mark Smith, First Assistant Public Defender, and Greg Bal, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, and Roxann M. Ryan, Andrew B. Prosser, and Denise A. Timmins, Assistant Attorneys General, for appellee.

LARSON, Justice.

This is an appeal by Jessie J. Gonzales from a district court order, following a jury trial, for his confinement as a sexually violent predator under Iowa Code chapter 229A (2001). We conclude Gonzales did not meet the statutory criteria for adjudication as a sexually violent predator and therefore reverse the order for confinement.

**I.  *Facts and Prior Proceedings.***

In 1981 Gonzales pled guilty to sexual abuse in the second degree and was sentenced to prison. In 1994 he pled guilty to two counts of indecent contact with a child and was placed on probation. His probation was revoked, and he was sent to prison. Gonzales was released from this confinement in 1997.

In 1999 Gonzales was sentenced to prison for operating a motor vehicle without the owner's consent. His scheduled release date for that offense was June 15, 2001. On May 2, 2001, the State filed this petition for Gonzales' commitment as a

sexually violent predator under chapter 229A.

## II. *Issues.*

Gonzales contends (1) he was denied due process by the court's refusal to instruct the jury that it must find he had serious difficulty in controlling his behavior; (2) Iowa Code chapter 229A violates his substantive due process rights because it did not expressly provide the State must prove he had serious difficulty in controlling his behavior; and (3) chapter 229A, as interpreted by the State and the district court, denies him his right to substantive due process and denies him equal protection because it treats him differently from other alleged predators who are charged under different subdivisions of chapter 229A by not requiring proof of a "recent overt act." We do not address the constitutional questions raised in the second and third issues because, for the reasons we discuss later, we interpret chapter 229A as requiring both a showing of a lack of control and a recent overt act.

## III. *Disposition.*

### A. *The court's instruction.*

■ Gonzales contends the district court erred in refusing to instruct the jury that, as an element of proving he is a sexually violent predator under chapter 229A, the State must prove he had serious difficulty in controlling his behavior. In *In re Detention of Barnes*, 658 N.W.2d 98, 99 (Iowa 2003), filed today, we held it was necessary to establish difficulty in controlling behavior to conform chapter 229A to the constitutional requirements set out by the Supreme Court in *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 870, 151 L.Ed.2d 856, 862 (2002). *Barnes* controls the present case on this issue, and we need not discuss the instruction issue further. However, Gonzales raises another issue

that goes to the heart of his case: whether the facts here provide a basis for a finding of sexually violent-predator status under chapter 229A. We hold they do not.

### B. *The statute.*

■ Under the statutory scheme of chapter 229A, a person is subject to commitment proceedings if the person is a "sexually violent predator," which

> means a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility.

Iowa Code § 229A.2(9). "Likely to engage in predatory acts," in turn, is defined in section 229A.2(3):

> *"Likely to engage in predatory acts of sexual violence"* means that the person more likely than not will engage in acts of a sexually violent nature. If a person is not confined at the time that a petition is filed, a person is *"likely to engage in predatory acts of sexual violence"* only if the person commits a recent overt act.

A "recent overt act" "means any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." Iowa Code § 229A.2(6). "Recent" is not defined in the statute.

At the time the petition was filed against Gonzales, he was in prison under the driving-without-consent charge. Section 229A.3(1), the basis for the State's petition, provides for notice of discharge of a person who is confined:

> When it appears that a person who is confined may meet the definition of a sexually violent predator, the agency with jurisdiction shall give written notice

to the attorney general and the multidisciplinary team established in subsection 4, no later than ninety days prior to any of the following events:

> a. The anticipated discharge of a person who has been convicted of a sexually violent offense from total confinement, except that in the case of a person who is returned to prison for no more than ninety days as a result of revocation of parole, written notice shall be given as soon as practicable following the person's readmission to prison.

Section 229A.4(2) establishes the procedure for filing a petition for the commitment of a person who is *not* presently confined:

> A prosecuting attorney of the county in which the person was convicted or charged, or the attorney general if requested by the prosecuting attorney, may file a petition alleging that a person is a sexually violent predator and stating sufficient facts to support such an allegation, *if it appears that a person who has committed a recent overt act meets any of the following criteria:*
>
> a. The person was convicted of a sexually violent offense and has been discharged after the completion of the sentence imposed for the offense.

(Emphasis added.)

The significant difference between the provisions for petitioning against confined and nonconfined persons is that, in the latter case, the State must show the person has committed a recent overt act, while this is not expressly required as to a person who is confined.

Under section 229A.3(1), "[w]hen it appears that a person who is confined may meet the definition of a sexually violent predator ... [proceedings may be initiated] no later than ninety days prior to ... [t]he anticipated discharge of a person who has been convicted of a sexually violent offense from total confinement...." Similarly, section 229A.4(1) provides: "If it appears that a person presently confined may be a sexually violent predator" a petition may be filed.

The State justifies its filing of a petition in this case because these statutes do not expressly require that the person be presently confined *for a sexually violent offense.* The State correctly notes that Gonzales "has been convicted" of sexually violent offenses. Those convictions were in 1981 and 1997. It is also true, as the State claims, that Gonzales was in confinement (although not for the sexual offenses) at the time the petition was filed. The State contends this combination of circumstances is all the statutes require. It contends that, if the legislature had intended to limit "confinement" to a confinement for a sexually violent offense, it would have said so, citing *Carolan v. Hill,* 553 N.W.2d 882, 887 (Iowa 1996) ("Precise, unambiguous language will be given its plain and rational meaning in light of the subject matter."). *Carolan,* however, goes further: "A statute is ambiguous if reasonable minds could differ or be uncertain as to the meaning of the statute" and "[a]mbiguity may arise ... from the general scope and meaning of a statute when all its provisions are examined." *Id.* (citation omitted). We believe, for the reasons that follow, the "plain" meaning the State claims for the statute is not plain at all.

■ We believe the "confinement" relied on by the State means confinement for a sexually violent offense because (1) in each of the statutes, "confinement" and "sexually violent offense" or "sexually violent predator" appear in the same sentence; (2) by interpreting the statute as the State urges us (applying the "confined person" basis for commitment) the State would be relieved of showing a "recent

overt act" (a matter we discuss later); and (3) the result would not be a reasonable application of the statute because it would allow the State to reach back in time, seize on a sexually violent offense for which a defendant was discharged, and couple this with a present confinement for a totally different—or even perhaps a trivial—offense and use chapter 229A to confine the person. Iowa Code section 4.4 provides that, in construing a statute, "it is presumed that ... [a] just and reasonable result is intended." The result urged by the State would not be just or reasonable.

If the "confinement" referred to in these statutes is interpreted, as we believe it should be, to mean confinement for a sexually violent offense, the "recent overt act" requirement of chapter 229A is satisfied. The recent act would simply be deemed to be the act for which the person is presently confined. If we interpret the statute as the State suggests, a person could be committed without any showing of a recent overt act because they are being processed as a "confined" person. This would raise serious constitutional issues. *See* Iowa Code § 4.4(1) (In interpreting statutes, "[c]ompliance with the Constitutions of the state and of the United States is intended.").

A federal court, interpreting chapter 229 regarding commitment of mentally ill persons, recognized the constitutional importance of showing a recent overt act:

This Court ... holds that the commitment standards of Chapter 229 of the [Iowa] Code violated substantive due process by not requiring that subjects pose a serious threat to themselves or others, as evidenced by a *recent overt act, attempt or threat.*

*Stamus v. Leonhardt,* 414 F.Supp. 439, 451 (S.D.Iowa 1976) (emphasis added). As we stated in *In re Mohr,* 383 N.W.2d 539, 542 (Iowa 1986):

This element [proof that the respondent is likely, if allowed to remain at liberty, to inflict physical injury on himself or others] requires that the threat the patient poses to himself or others be evidenced by a "recent overt act, attempt or threat." Furthermore, rule 13(10) of the [Iowa] [S]upreme [C]ourt rules for hospitalization of mentally ill provides that "[t]he physician's diagnosis and recommendations" must include "a detailed statement of the facts, symptoms and *overt acts* observed or described to him or her, which led to the diagnosis." (Emphasis added.)

*Mohr,* 383 N.W.2d at 542 (quoting *Stamus,* 414 F.Supp. at 451). See also *Lynch v. Baxley,* 386 F.Supp. 378, 391 (M.D.Ala. 1974):

Due process requires that the need for confinement be based upon a substantial likelihood that dangerous behavior will be engaged in unless restraints are applied. While the actual assessment of the likelihood of danger calls for an exercise of medical judgment, the sufficiency of the evidence to support such a determination is fundamentally a legal question. A mere expectancy that danger-productive behavior might be engaged in does not rise to the level of legal significance when the consequence of such an evaluation is involuntary confinement. To confine a citizen against his will because he is likely to be dangerous in the future, it must be shown that he has actually been dangerous in the recent past and that such danger was manifested by an overt act, attempt or threat to do substantial harm to himself or to another.

(Footnote omitted.)

One writer has observed with respect to chapter 229 commitments:

The requirement that a prediction of dangerousness, either physical or emotional, must be based on prior overt manifestations of danger is necessary both in order to protect the reliability of the prediction under the clear and convincing standard of proof ... and in order to satisfy constitutional standards.

Randall P. Bezanson, *Involuntary Treatment of the Mentally Ill in Iowa: · The 1975 Legislation,* 61 Iowa L.Rev. 261, 295 n. 161 (1975).

Because Gonzales was not confined for a sexually violent offense at the time the petition was filed, and the State failed to prove, or even allege, a recent overt act that meets the definition of the statute, we reverse the commitment order and remand for dismissal of the petition.

**REVERSED AND REMANDED.**