In re DETENTION OF Damon
Montez WILLIS.

Damon Montez Willis, Appellant.

No. 03–1877.

Supreme Court of Iowa.

Jan. 21, 2005.

Mark C. Smith, First Assistant State Public Defender, and Michael H. Adams, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines and Denise A. Timmins, Assistant Attorneys General, for appellee State.

CARTER, Justice.

Damon Montez Willis, a convicted sex offender, appeals from orders in a subsequent civil proceeding finding him to be a sexually violent predator and committing him as such. He asserts on appeal that (1) the district court lacked jurisdiction to impose a civil commitment because the State failed to follow necessary statutory procedures, (2) the civil commitment proceeding could not be brought against him at the time it was commenced because he had not yet been convicted of a sexually violent offense, (3) he could not be found to be a sexual predator in the absence of a recent overt act, and (4) he was denied effective assistance of counsel with respect to the commitment proceedings. After reviewing the record and considering the arguments presented, we find that none of these claims have merit and affirm the orders of the district court.

In 1987 Willis was convicted of second-degree sexual abuse. He was sentenced to an indeterminate term of imprisonment not to exceed twenty-five years. On January 26, 1997, while still incarcerated for the 1987 conviction, Willis sexually assault-

ed another inmate in the prison. He was convicted of third-degree sexual abuse with regard to that offense. That conviction was reversed by the court of appeals, and a new trial was ordered. On retrial of the third-degree sexual-abuse charge, the jury found Willis guilty of the lesser included offense of assault with intent to commit sexual abuse. That verdict was returned on December 6, 2000. Sentencing was scheduled for December 26, 2000.

The Henry County Sheriff in whose custody Willis resided determined that Willis's sentence for his 1987 conviction had been discharged and that credit for time served on the 1997 charge of sexual abuse would exhaust any sentence that might be imposed for the lesser included offense of which he was ultimately convicted. Based on these circumstances, the sheriff concluded that Willis would likely be released from confinement on the date of his sentencing and notified the attorney general suggesting review of the situation for a potential commitment as a sexually violent predator.

On December 21, 2000, the State filed a petition alleging Willis was a sexually violent predator and recommending that he be committed as such. The district court held a probable-cause hearing on December 27, 2000, and determined that probable cause existed. On June 26, 2001, a jury returned a verdict finding Willis to be a sexually violent predator. That determination was reversed by the court of appeals, but on retrial another jury found that Willis was a sexually violent predator. That resulted in the order of commitment that is the subject of this appeal.

## I. Standard of Review.

■■■ Issues of statutory interpretation are reviewed for correction of errors of law. *Iowa Dep't of Transp. v. Soward,* 650 N.W.2d 569, 571 (Iowa 2002). The facts implicating alleged constitutional violations are reviewed de novo. *State v. Loye,* 670 N.W.2d 141, 150–51 (Iowa 2003); *State v. Thomas,* 659 N.W.2d 217, 220 (Iowa 2003).

## II. Alleged Lack of Jurisdiction.

■■■ A. *Untimely notice.* Willis asserts that the district court lacked both jurisdiction and authority to consider the petition filed by the attorney general for his commitment as a sexually violent predator because the notice given to the attorney general by the Henry County Sheriff pursuant to Iowa Code section 229A.3(1) (1999) was given less than ninety days prior to Willis's anticipated discharge. This same contention was considered by this court in the recent case of *In re Detention of Huss,* 688 N.W.2d 58, 62 (Iowa 2004). In that case, we held that the giving of notice to the attorney general under section 229A.3(1) was not required as a condition for the attorney general to file a petition for commitment of a confined person suspected of being a sexually violent predator. *Huss,* 688 N.W.2d at 63. We determined that the notice the statute envisions "is only intended to be a heads-up to an approaching discharge date in case a determination to file a section 229A.4(1) petition appears to be a possibility." *Id.* Consequently, a failure to give the statutory notice at least ninety days prior to anticipated discharge does not invalidate the proceedings later taken on the attorney general's petition filed pursuant to section 229A.4(1). *Id.*

The facts of the present case illustrate the wisdom of the holding in *Huss.* Because of the protracted trial proceedings on Willis's third-degree sexual-abuse prosecution and the ultimate verdict convicting

him of only a lesser included offense, there was no opportunity to give ninety-days notice to the attorney general prior to the anticipated date of discharge. It is apparent, however, that notice was given as soon as reasonably possible.

■ **B.** *Lack of conviction.* Willis's next contention is that he was not confined as a sexually violent predator at the time the attorney general filed the petition for his commitment. He bases this contention on the fact that the attorney general's petition was filed on December 19, 2000, and sentence on Willis's conviction for assault with intent to commit sexual abuse was not imposed until December 26, 2000. The gist of Willis's argument is that he must have been convicted of the sexually violent offense for which he was being held prior to the filing of a petition by the attorney general. He argues that the jury verdict was not a conviction and that his conviction did not occur until his sentencing on December 26.

■ We are convinced that the gap between the verdict and sentencing does not provide any basis for granting Willis relief from his commitment as a sexually violent predator. Neither the language of section 229A.4(1), nor our interpretation of that statute in *In re Detention of Gonzales,* 658 N.W.2d 102, 103–04 (Iowa 2003), requires that the subject of a petition for a sexually violent predator adjudication be convicted of a sexually violent offense before the petition is filed under section 229A.4(1). It is only necessary that the subject be "presently confined" for a sexually violent offense. *Gonzales,* 658 N.W.2d at 104. The basis for the sheriff's custody of Willis at the time the petition was filed was the fact that he had committed a sexually violent offense. This satisfies the statutory requirement for the filing of the petition by the attorney general.

### III. *Absence of a Recent Overt Act.*

■ Willis argues that, in order to restrict his liberty based on a prediction of his future behavior, due process requires proof of a recent overt act. He contends that such showing is absent with respect to his commitment. In *Gonzales,* 658 N.W.2d at 105, we determined that the act for which a person is presently confined, if a sexually violent act, may be deemed to be the recent overt act that due process requires. We continue to view the matter in this light.

Determining whether a past act of sexual violence has become too stale to serve as a predictor of future acts of a similar nature is not a precise task. The significance of a recent overt act in predicting future conduct is not the act but the inference against a particular propensity that arises from the absence of an overt act. The absence of sexually predatory acts in a setting of secure confinement does not paint the same picture as the absence of such acts in a normal life situation. We have generally upheld the statutory scheme presented by Iowa Code chapter 229A against substantive due process challenges. *See In re Detention of Garren,* 620 N.W.2d 275, 282–83 (Iowa 2000). We reach a similar conclusion when focusing specifically on Willis's contention that a failure to require a showing of a recent overt act other than the act for which he was imprisoned violates substantive due process.

■ Under principles of substantive due process, the State is prohibited from engaging in arbitrary or wrongful actions regardless of the fairness of the procedures used to implement them. *Id.* at 284. A person's liberty interest is constitution-

ally protected against arbitrary governmental action, but is not absolute. *Id.* The government may detain a mentally unstable individual who presents a danger to the public. *Id.* In not expressly requiring a recent overt act for petitions for commitment filed under section 229A.4(1), the legislature could reasonably conclude that the filing of a civil commitment petition must necessarily be delayed during the period of confinement under a criminal judgment and therefore allow a petition to be filed at the conclusion of that confinement notwithstanding the absence of an additional overt act.

### IV. *Alleged Ineffective Assistance of Counsel.*

 Willis contends that he received ineffective assistance of counsel in resisting the State's efforts to commit him. His right to counsel in the present proceeding is conferred by an Iowa statute, Iowa Code § 229A.6(1). It does not flow from the Sixth Amendment to the federal constitution, which, by its express terms, refers only to "criminal prosecutions." Even if we assume that he may posit an ineffective-assistance-of-counsel claim on some source of entitlement other than the Sixth Amendment, that effort fails in the present case.

His attempt to obtain relief on ineffective-assistance-of-counsel grounds is premised on the success of his jurisdictional claims or alleged violations of due process. Because we have considered those claims on the merits and rejected them, the premise for his ineffective-assistance claim does not exist. We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**