MANSFIELD, Justice (dissenting).
I respectfully dissent. In my view, an individual convicted of a sexually violent offense who is required as part of his sentence to stay at a facility under the jurisdiction of the district department of correctional services is "presently confined" within the meaning of Iowa Code section 229A.4. See Iowa Code § 229A.4 (2016). Therefore, the State did not have to prove a recent overt act to bring a petition seeking Nicholas Wygle's commitment as a sexually violent predator.
I begin with a dictionary definition. The first definition of "confine" is "to hold within a location." Confine , Merriam-Webster's Collegiate Dictionary (11th ed. 2014).
*620 Likewise, our false imprisonment statute punishes wrongful confinement and states that "[a] person is confined when the person's freedom to move about is substantially restricted by force, threat, or deception." Iowa Code § 710.7. In this sense, Wygle was "presently confined."
Along the same lines, a person at a facility like the Curt Forbes Residential Facility is generally considered to be "in custody." See also id. § 719.4 (indicating that the offenses under "[e]scape or absence from custody" apply to prisons, jails, and community-based correctional facilities); State v. Halverson , 857 N.W.2d 632, 634 (Iowa 2015) (stating that the defendant "was in the custody of the residential facility-commonly referred to as a halfway house...." (emphasis added)).
I agree that the statute is inartfully drafted and that any interpretation, including the majority's, is going to result in loose ends. But "[w]e have rejected previous attempts to apply a hypertechnical definition of the phrase 'presently confined.' " In re Det. of Shaffer , 769 N.W.2d 169, 174 (Iowa 2009). In Shaffer , we held that an individual was presently confined because he was, in fact, confined even though he was being held unlawfully past his discharge date. Id. at 175. In In re Detention of Willis , we held that an individual was presently confined because he was in jail after having been convicted of a sexually violent offense even though he had not been sentenced. See 691 N.W.2d 726, 729 (Iowa 2005). In In re Detention of Gonzales , we held that presently confined means "confined for a sexually violent offense," although the statute contains no such requirement. See 658 N.W.2d 102, 104-06 (Iowa 2003). In In re Detention of Stenzel , we clarified that so long as someone is "continuously confined on a term of imprisonment that includes a sexually violent offense," the person is presently confined regardless of the order in which the sentences are served. See 827 N.W.2d 690, 697-701 (Iowa 2013).
Using the practical interpretation of "presently confined" that we have heretofore followed, I would hold that someone who is convicted of a sexually violent offense and has been continuously in some type of custody thereafter, such as Wygle, is presently confined within the meaning of Iowa Code section 229A.4(1). This is true whether the custodial arrangement is part of the initial sentence or the special sentence. Once the person has been released from confinement, e.g., he or she has been paroled into the general community, then the State must allege and prove a recent overt act under section 229A.4(2)(a ).
This interpretation allows the statute to operate in the binary manner that was clearly intended by the legislature. That is, where there has been a continuous confinement that originated when the person committed a sexually violent offense, the person is "presently confined" under Iowa Code section 229A.4(1). Once the confinement has been broken and the person is generally unrestrained to commit other sexual offenses, the person "has been discharged after the completion of the sentence imposed," and the state must prove a recent overt act under section 229A.4(2)(a ).
I recognize this interpretation does not follow the typical view of what it means to be "discharged after the completion of the sentence." Normally we do not accord that status to someone who has been merely released on parole. (The majority's interpretation of Iowa Code section 229A.4 is vulnerable to the same criticism.) However, this interpretation dovetails with our prior caselaw. Furthermore, unlike the majority's interpretation, it treats the special sentence as a form of parole, which is exactly what the legislature has said it is.
*621 See Iowa Code §§ 903B.1, .2. At the same time, it also avoids potential constitutional concerns.
In my view, the majority somewhat overstates those concerns. In the majority's view, once a person who committed a sexually violent offense has been moved from total confinement to a halfway house where it might be at least possible to commit a new sexually violent overt act, the state has to prove such an act. It can no longer rely on the earlier offense.
No prior case that I'm aware of has adopted this rule. Rather, we have said,
The significance of a recent overt act in predicting future conduct is not the act but the inference against a particular propensity that arises from the absence of an overt act. The absence of sexually predatory acts in a setting of secure confinement does not paint the same picture as the absence of such acts in a normal life situation.
Willis , 691 N.W.2d at 729 ; see also Stenzel , 827 N.W.2d at 699-700 (quoting this language). In other words, under our precedent, the key question is not whether it might be theoretically possible for the respondent to have committed a new overt act. That's always possible, even in a maximum security prison. Instead, the critical inquiry is whether the respondent has been moved to a setting that allows one to draw the inference the respondent is not dangerous based upon the absence of sexually violent acts. I would conclude that threshold has not been met.
The majority relies heavily on jurisprudence from Washington. But the Washington Supreme Court held it was constitutional to commit an individual as a sexually violent predator who had been released from prison for the past ten years and merely made threats that he would commit new sexually violent offenses. In re Det. of Danforth , 173 Wash.2d 59, 264 P.3d 783, 786, 792 (2011) (en banc). Due process could be satisfied by threats that "have created a reasonable apprehension of [sexually violent] harm in the mind of an objective person who knows of the history and mental condition of the person." Id . at 792. If the "recent overt act" requirement can be met by a mere threat, it logically follows that the "presently confined" requirement can be met by halfway house confinement. In both instances, there is no hard and fast constitutional rule that recent sexually violent conduct must be proved unless it would have been totally impossible for the respondent to have engaged in such conduct.
I would therefore affirm the district court's denial of Wygle's motion to dismiss.
Waterman and Zager, JJ., join this dissent.