**IN THE COURT OF APPEALS OF IOWA**

No. 18-1937
Filed August 7, 2019

**IN RE THE DETENTION OF BRADLEY WILLIAMS,**

**BRADLEY WILLIAMS,**
　　　Respondent-Appellant.
_____

　　　Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple,

Judge.


　　　Bradley Williams appeals his civil commitment as a sexually violent

predator. **AFFIRMED.**



　　　Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

　　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.



　　　Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Bradley Williams appeals his civil commitment as a sexually violent predator under Iowa Code chapter 229A (2016). He argues the court erred in concluding he was "a person presently confined" for a sexually violent offense within the meaning of Iowa Code section 229A.4(1) and the evidence was insufficient to support a conclusion he is a "sexually violent predator" as defined in section 229A.2(12).

## I.      Background Facts and Proceedings

In 2005, Williams, then nineteen years old, committed the crimes of third-degree sexual abuse and impersonating a peace officer. At the time, Williams was having sexual relations with a fifteen-year-old girl he met online and told he was a police officer. Williams was granted a deferred judgment, which was later revoked.[1] Williams was ultimately sentenced to an indeterminate term of incarceration not to exceed ten years for the sexual-abuse charge. The prison sentence was suspended and Williams was placed on probation for three to five years. In 2012, Williams began serving his special sentence under Iowa Code section 903B.1 (2005). The evidence discloses Williams victimized between seven and eighteen other minor females while he was an adult.

In 2013, Williams, then about twenty-seven years old and having developed an addiction to pornography, committed the crime of extortion. Williams contacted his victim through social media and claimed to be a modeling agent. The victim

---

[1] Williams violated a host of his conditions of probation. Of note is his internet requests to minors asking them to tape themselves and his possession of child pornography on a compact disc labeled "10 and 11 year old children."

responded, and the two set up a photo session. After the victim paid Williams, Williams informed her that engagement in sexual intercourse would be part of the deal as well. Williams had intercourse with his victim during the photo shoot and took nude pictures of her. He also recorded their sexual encounter. Later, Williams told his victim he would publish the images and video if she did not give him money and have intercourse with him again. The victim complied with the demand. Williams attempted to extort the victim for money and sex on subsequent occasions. The victim ultimately contacted law enforcement. The evidence shows Williams attempted this scam on several other young women. Williams also lied to a number of other young women to get them to send him nude pictures, some of whom Williams later blackmailed with the photos. On his extortion conviction, Williams was sentenced to an indeterminate term of incarceration not to exceed five years. While in prison, Williams had his girlfriend sneak pornography in for his viewing pleasure. One of these photographs was sadomasochistic in nature and depicted a woman being beaten.

Williams was slotted to be discharged from prison in May 2016. About a week before his anticipated release date, the State filed a petition for civil commitment under Iowa Code chapter 229A (2016), alleging Williams to be a sexually violent predator. The court found the petition to be supported by probable cause and scheduled the matter for trial. Following a number of continuances of the trial date, Williams filed a motion to dismiss in which he argued his conviction of extortion, for which he was confined, did not amount to a sexually violent offense and commitment was therefore improper. The court denied the motion. Following a trial, the court entered an order committing Williams. This appeal followed.

**II.    Standard of Review**

We review the district court's construction and interpretation of Iowa Code chapter 229A for legal error.  *In re Det. of Tripp*, 915 N.W.2d 867, 873 (Iowa 2018); *In re Det. of Betsworth*, 711 N.W.2d 280, 283 (Iowa 2006).  Williams's arguments appear to be a challenges to the sufficiency of the evidence supporting the district court's determinations.  Appellate review of such challenges is also for legal error. *Betsworth*, 711 N.W.2d at 286.

**III.    Analysis**

A.    Person Presently Confined

First, Williams argues the court erred in concluding he was "a person presently confined" for a sexually violent offense within the meaning of Iowa Code section 229A.4(1).  Section 229A.4(1) authorizes the State to petition for civil commitment "[i]f it appears that a person presently confined may be a sexually violent predator and the prosecutor's review committee has determined that the person meets the definition of a sexually violent predator."  The supreme court has explained the term "'confinement' as used in the statute 'means confinement for a sexually violent offense.'"  *In re Det. of Stenzel*, 827 N.W.2d 690, 698–99 (Iowa 2013) (quoting *In re Det. of Gonzales*, 658 N.W.2d 102, 104 (Iowa 2003)).  The term "sexually violent offense" has been statutorily defined to include: "Any act which, either at the time of sentencing for the offense or subsequently during civil commitment proceedings . . . has been determined beyond a reasonable doubt to have been sexually motivated."  Iowa Code § 229A.2(11)(g).  The legislature defined the term "sexually motivated" to mean "that one of the purposes for

commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." *Id.* § 229A.2(10).

In its civil-commitment order, the district court specifically concluded Williams's commission of the crime of extortion was sexually motivated. The crime of extortion includes, among other things, threatening "to expose any person to hatred, contempt, or ridicule" "with the purpose of obtaining for oneself . . . anything of value, tangible or intangible." *Id.* § 711.4(3) (2013). Here, the evidence is undisputed that Williams took nude photographs of his victim and a video recording of their sexual encounter. Later, Williams told his victim he would publish the images and video if she did not give him money and have intercourse with him again. The evidence is substantial "that one of the purposes for commission of [the] crime [was] the purpose of sexual gratification of" Williams. *Id.* § 229A.2(10) (2016). Because the crime was sexually motivated, it was a sexually violent offense within the meaning of Iowa Code section 229A.2(11)(g). Thus, Williams fell within the definition of "person presently confined." *See id.* § 229A.4(1); *Stenzel*, 827 N.W.2d at 698–99. We find no error in the district court's conclusion of the same.

B.    Sexually Violent Predator

Next, Williams challenges the sufficiency of the evidence supporting the court's conclusion he is a "sexually violent predator." That term is statutorily defined as follows: "[A] person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(12). Williams only argues

the evidence is insufficient to establish he "suffered a mental abnormality causing him [to be] likely to engage in predatory acts constituting sexually violent offenses."

Viewing the evidence in the light most favorable to the State, as we must, "including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the record," *Betsworth*, 711 N.W.2d at 287 (quoting *In re Det. of Swanson*, 668 N.W.2d 570, 574 (Iowa 2003)), we believe substantial evidence supports the district court's finding. The State provided statistical, clinical, and diagnostic evidence that Williams meets the definition of a sexually violent predator. A clinical psychologist testified Williams suffers from a mental abnormality to a reasonable degree of professional certainty. Specifically, the psychologist testified Williams meets some of the criteria for both antisocial personality disorder and narcissistic personality disorder and thus has a mixed personality disorder. She further testified that Williams's mixed personality disorder predisposes him to commit sex offenses and Williams is at a high risk for committing further sex offenses. While Williams completed sex-offender treatment, the psychologist testified Williams continues to engage in "red-flag behavior." The psychologist answered in the affirmative when questioned whether "Williams is likely to commit predatory acts of sexual violence if not confined for treatment." The psychologist's written report was in line with her testimony. We find the evidence sufficient to conclude Williams is a sexually violent predator.

## IV. Conclusion

We affirm the district court order civilly committing Williams as a sexually violent predator.

**AFFIRMED.**