# IN THE COURT OF APPEALS OF IOWA

No. 18-1334
Filed October 23, 2019

**IN RE THE DETENTION OF AUSTIN KECK,**

**AUSTIN MICHAEL KECK,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Myron L. Gookin,

Judge.

Austin Keck appeals from the district court's finding that he was "presently

confined" for purposes of the sexually violent predator act. **AFFIRMED.**

Thomas J. Gaul of State Public Defender's Office, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.

Heard by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Austin Keck appeals from the district court's finding that he was "presently confined" for purposes of the sexually violent predator act, Iowa Code chapter 229A (2017). Finding no error of law, we affirm.

**I. Background Facts and Proceedings.**

When Keck was thirteen years old, he had sexual intercourse with an eight-year-old after telling her he would give her candy. Keck stated that as a juvenile he also had anal sex with a five-year-old because "[h]e was the closest person."

On December 17, 2014, Keck—now an adult—was convicted of enticing a minor, in violation of Iowa Code section 710.10(2).[1] The district court imposed a suspended sentence. While on probation, Keck began messaging minor females and exchanging photographs with them in violation of the terms of his probation. He was placed in a halfway house, and his probation was eventually revoked. He was ordered to serve his previously-suspended five-year prison term.

On May 23, 2017, the State filed a petition for civil commitment as a sexually violent predator (SVP) pursuant to Iowa Code section 229A.4(1).[2] The State

---

[1] Keck testified that when he was eighteen years old he "took a [fourteen]-year-old girl into a wood area and had sexual intercourse with her." When asked why he had sex with her Keck stated, "She was closest person there to me, and I figured she would—she would do anything I asked her to."

Enticing a minor is defined in Iowa Code section 710.10(2), which provides, in part:

A person commits a class "D" felony when, without authority and with the intent to commit an illegal sex act upon or sexual exploitation of a minor under the age of sixteen, the person entices or attempts to entice a person reasonably believed to be under the age of sixteen.

[2] Section 229A.4(1) states:

If it appears that a person presently confined may be a sexually violent predator and the prosecutor's review committee has determined that the person meets the definition of a sexually violent predator, the attorney general may file a petition alleging that the person is a sexually violent predator and stating sufficient facts to support such an allegation.

alleged: "The Respondent is presently confined pursuant to the Wapello County District Court's sentencing order at the Iowa Medical and Classification Center, Oakdale, Iowa, for a sexually motivated offense."

Keck filed a motion to dismiss, arguing:

[He] was not initially confined to prison for Enticing Away a Minor Under 16. He was given probation, then sent to the residential facility, and only after the residential facility was he sent to prison, for violations of probation that are not alleged to have been sexual in nature. The "contacting of minor females in a sexual manner" alleged in the State's petition, for which he was sent to the residential facility is not alleged to be a sexually violent offense, nor when his probation was finally revoked was it for incidents that were sexual in nature.

The district court denied the motion to dismiss.

The case proceeded to an evidentiary hearing. Keck renewed his motion to dismiss, again asserting he was not "presently confined" for SVP purposes. The district court denied the motion to dismiss, explaining:

Concerning the motion to dismiss, [Keck's] main argument in revisiting the district court's ruling denying the motion on March 16, 2018, is the issuance of an opinion by the Iowa Supreme Court on April 13, 2018, *In re Detention of Wygle*, 910 N.W.2d 599 (Iowa 2018). [Keck] claims *Wygle* supports the proposition that [Keck] was not "presently confined" under Iowa Code [section] 229A.4(1) and therefore this action must be dismissed because there is no "recent overt act" under [section] 229A.4(2).

The district court noted that in *Wygle*, at the time the civil commitment petition was filed, Wygle had completed his sentence for an underlying sexually violent offense but was being held at a halfway house as the result of his special sentence under Iowa Code section 903B.1. *See* 910 N.W.2d at 600. Under these circumstances, the supreme court held Wygle was not "presently confined" for a sexually violent crime at the time the SVP proceeding was filed and, therefore, the

SVP proceeding had to be dismissed.  *Id.* at 619.  The district court concluded *Wygle*, though controlling, was distinguishable from Keck's case, and because Keck was serving his prison term for the sexually violent offense of enticing a minor, he was "presently confined" for purposes of Iowa Code section 229A.4(1). The district court confirmed its previous order denying Keck's motion to dismiss.

The court also determined Keck had been convicted of a sexually violent offense, suffers a mental abnormality, and is more likely than not to engage in predatory acts constituting sexually violent offenses if not confined.  The court thus found Keck is a SVP subject to civil commitment.

Keck appeals.

## II. Scope and Standard of Review.

We review the district court's construction and interpretation of Iowa Code chapter 229A for legal error.  *In re Det. of Tripp*, 915 N.W.2d 867, 873 (Iowa 2018); *In re Det. of Betsworth*, 711 N.W.2d 280, 283 (Iowa 2006).

## III. Discussion.

Section 229A.4(1) authorizes the state to petition for civil commitment "[i]f it appears that a person *presently confined* may be a sexually violent predator and the prosecutor's review committee has determined that the person meets the definition of a sexually violent predator."  (Emphasis added.)  The courts have been asked to determine whether a person is "presently confined" for purposes of SVP civil commitment on a number of occasions.

In the case *In re Detention of Gonzales*, 658 N.W.2d 102, 102–03 (Iowa 2003), the state petitioned for civil commitment of an individual while he was incarcerated for operating a motor vehicle without the owner's consent.  Our

supreme court interpreted the chapter 229A term "presently confined," holding "confinement" as used in the statute "means confinement for a sexually violent offense." *Gonzales*, 658 N.W.2d at 104. Because Gonzales's confinement was not for a sexually violent offense, the court ordered the petition dismissed. *Id.* at 106.

The supreme court was again asked to determine the meaning of the term "presently confined" in *In re Detention of Willis*, 691 N.W.2d 726 (Iowa 2005). In that case, Willis had been convicted by a jury of a sexually violent offense and was residing in the custody of the sheriff while awaiting sentencing. *Willis*, 691 N.W.2d at 727–28. The State filed a SVP petition asserting Willis was presently confined for a sexual offense under Iowa Code section 229A.4(1) even though he had not been sentenced for the underlying offense. *Id.* at 728. The supreme court ruled:

> We are convinced that the gap between the verdict and sentencing does not provide any basis for granting Willis relief from his commitment as a sexually violent predator. Neither the language of section 229A.4(1), nor our interpretation of that statute in [*Gonzales*, 658 N.W.2d at 103–04], requires that the subject of a petition for a sexually violent predator adjudication be convicted of a sexually violent offense before the petition is filed under section 229A.4(1). It is only necessary that the subject be "presently confined" for a sexually violent offense. *Gonzales*, 658 N.W.2d at 104. The basis for the sheriff's custody of Willis at the time the petition was filed was the fact that he had committed a sexually violent offense. This satisfies the statutory requirement for the filing of the petition by the attorney general.

*Id.* at 729.

In *In re Detention of Shaffer*, 769 N.W.2d 169, 171 (Iowa 2009), Shaffer was imprisoned at the Anamosa State Penitentiary for a sexually violent offense when the state filed its SVP petition. Shaffer argued, however, the State miscalculated his release date for the sexually violent offense and that at the time the State filed

its SVP petition his sentence had already expired. *Id.* at 171–72. On appeal, the court noted that although subsequent case law demonstrated the State had miscalculated Shaffer's release date, the miscalculation did not alter the fundamental fact that Shaffer—at the time the SVP petition was filed—was presently confined. *Id.* at 173–74. As further explained in *Wygle*, "[T]he physical circumstances of whether a person was 'presently confined' for a sexually violent offense was key, and the result was not affected by a miscalculation of a release date." 910 N.W.2d at 614.

In *In re Detention of Stenzel*, 827 N.W.2d 690, 693 (Iowa 2013), the court was presented with the question of whether a person serving consecutive sentences for both a sexually violent offense and for nonsexual offenses of burglary and arson was "presently confined" for SVP purposes. Stenzel claimed that he served his sentence for the sexually violent offense first, that at the time the state filed its SVP petition his sentence for the sexually violent offense had been discharged, and that he was then presently confined as a result of the nonsexual offenses. *Stenzel*, 827 N.W.2d at 693.

The *Stenzel* court stated,

> Since *Gonzales* was decided, we have held that the presently confined inquiry is not a hypertechnical one. In *Shaffer*, the question was whether a person was presently confined under chapter 229A if his sexual abuse sentence had actually expired and, as a result, he was unlawfully imprisoned at the time the State sought civil commitment. Declining to adopt a "hypertechnical definition of the phrase 'presently confined,'" we held that the person was confined, even if an improper calculation of earned time had led to an improper sentence.

827 N.W.2d at 698 (citations omitted). The court rejected Stenzel's argument and affirmed the denial of the motion to dismiss. *Id.* at 701.

This brings us to the supreme court's most recent cases in which it was asked to determine if persons who had discharged their sentences for the sexually violent offense but were serving their special sentence under Iowa Code chapter 903B were "presently confined" for purposes of the SVP confinement. *Tripp*, 915 N.W.2d at 868; *Wygle*, 910 N.W.2d at 600. The supreme court held the "presently confined" provision of Iowa Code section 229A.4(1) "does not apply to a person who has been discharged from the sentence underlying the sexually violent offense that resulted in his incarceration." *Tripp*, 915 N.W.2d at 873–74; *see also Wygle*, 910 N.W.2d at 618–19.

Keck argues that because he was not *initially* confined for enticing a minor,[3] he cannot be civilly committed as a SVP without the State showing he has committed a recent overt act. We may not "change the terms of a statute as the legislature adopted it." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (citation omitted).

The question before us is whether Keck—at the time the SVP petition was filed was "presently confined" for a sexually violent offense. *See Shaffer*, 769 N.W.2d at 173. Here, at the time the SVP petition was filed, Keck was in the custody of the department of corrections serving his five-year prison term for his conviction of enticing a minor, a sexually violent offense. He had not discharged

---

[3] The term "sexually violent offense" has been statutorily defined to include: "Any act which, either at the time of sentencing for the offense or subsequently during civil commitment proceedings . . . has been determined beyond a reasonable doubt to have been sexually motivated." Iowa Code § 229A.2(11)(g). The legislature defined the term "sexually motivated" to mean "that one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." *Id.* § 229A.2(10). Keck does not challenge the court's finding that enticing a minor meets the definition of a sexually violent offense.

his sentence.  We agree with the district court's denial of the motion to dismiss.

Finding no error, we affirm.

**AFFIRMED.**