# IN THE SUPREME COURT OF IOWA

No. 76 / 05-1868

Filed August 17, 2007

**STATE OF IOWA,**

Appellee,

vs.

**JOANN MINNIE KAMBER,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, John D. Lloyd, Judge.

Defendant seeks further review of court of appeals decision affirming her sentence for theft in the second degree, claiming district court erroneously failed to consider sentencing option of deferred judgment. **DECISION OF COURT OF APPEALS VACATED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, Nan Jennisch and Dennis D. Hendrickson, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, John P. Sarcone, County Attorney, and John H. Judisch, Assistant County Attorney, for appellee.

**TERNUS, Chief Justice.**

The defendant, JoAnn Kamber, was sentenced to five years imprisonment, suspended, with two years probation after pleading guilty to theft in the second degree. Although the defendant had requested a deferred judgment, the district court determined she was ineligible for this sentencing option because she had been given deferred sentences for two prior theft convictions. The defendant appeals, claiming the court erred in concluding she was not eligible for a deferred judgment. We agree the defendant's prior deferred sentences do not render her ineligible for a deferred judgment. Therefore, we vacate her sentence and remand for resentencing.

**I. Background Facts and Proceedings.**

On September 29, 2005, the defendant entered a plea of guilty to a charge of theft in the second degree in violation of Iowa Code sections 714.1 and 714.2(2) (2005). At her subsequent sentencing, her counsel asked the court to impose a deferred judgment. The State resisted this request, pointing out the defendant had two prior deferred sentences for theft. The State claimed these deferred sentences made the defendant ineligible for a deferred judgment under Iowa Code section 907.3(1)(*c*), which provides in relevant part:

> 1. With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon conditions as it may require. . . .
>
> However, this subsection shall not apply if any of the following is true:
>
> . . . .
>
> *c.* Prior to the commission of the offense the defendant had been granted a deferred judgment or similar relief, two or more times anywhere in the United States.

Iowa Code § 907.3(1)(*c*).

The district court concluded deferred sentences were "similar relief" to deferred judgments within the meaning of section 907.3(1)(*c*), and therefore, the defendant was ineligible for a deferred judgment. The district court then sentenced the defendant to an indeterminate term not to exceed five years, suspended the sentence, and placed Kamber on probation for two years. The defendant was also fined and ordered to pay costs and fees.

Kamber appealed, asserting the district court erred in concluding she was ineligible for a deferred judgment. Her appeal was transferred to the court of appeals where the defendant's sentence was affirmed. Like the district court, the court of appeals concluded that a deferred judgment and deferred sentence were "similar relief." This court granted the defendant's application for further review.

## II. Scope of Review.

This case poses a question of statutory interpretation. Therefore, our review is for correction of errors of law. *See State v. Wiederien*, 709 N.W.2d 538, 540 (Iowa 2006).

## III. Discussion.

The issue before this court is what sentencing options the legislature intended by its enactment of section 907.3(1)(*c*). We are guided by well-established rules of statutory construction:

> [L]egislative intent is expressed by what the legislature has said, not [by] what it could or might have said. When a statute's language is clear, we look no further for meaning than its express terms. Intent may be expressed by the omission, as well as the inclusion, of statutory terms. Put another way, the express mention of one thing implies the exclusion of other things not specifically mentioned.

*State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001) (citations omitted). Another rule of statutory interpretation that is useful in this particular

case is the principle that a statute is interpreted as an integrated whole. *See State v. Pickett*, 671 N.W.2d 866, 870 (Iowa 2003). In other words, we consider the context of the provision at issue and interpret the provision consistent with the entire statute of which it is a part. *Id.* Finally, we keep in mind that the legislature may define the terms it uses, and when it does, those definitions are the foundation of our analysis. *See State v. Durgin*, 328 N.W.2d 507, 509 (Iowa 1983).

The parties focus the majority of their arguments on the similarities and dissimilarities of deferred judgments and deferred sentences. Clearly, these sentencing options are alike in some respects, but they are not synonymous. In chapter 907, the legislature has separately defined these terms:

> As used in this chapter, unless the context otherwise requires:
>
> 1. "*Deferred judgment*" means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court. . . .
>
> 2. "*Deferred sentence*" means a sentencing option whereby the court enters an adjudication of guilt but does not impose a sentence. . . .

Iowa Code § 907.1. While not conclusive, these distinct definitions signal the legislature's intent that a deferred judgment is something different than a deferred sentence. At the same time, these sentencing options are somewhat similar in that they both allow a defendant to avoid the imposition of a sentence.

We turn, then, to the specific statutory provision we must interpret and examine the context within which the language at issue appears. The statute in which the subject language is found, section 907.3(1), has several paragraphs that limit a defendant's eligibility for a deferred

judgment. We quote portions of the statute that shed light on the meaning of paragraph (*c*):

> 1. With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon conditions as it may require. . . .
>
> However, this subsection shall not apply if any of the following is true:
>
> . . . .
>
> *c.* Prior to the commission of the offense the defendant had been granted *a deferred judgment or similar relief, two or more times anywhere in the United States.*
>
> *d.* Prior to the commission of the offense the defendant had been granted *a deferred judgment or similar relief in a felony prosecution anywhere in the United States* within the preceding five years . . . .
>
> . . . .
>
> *g.* The offense is a violation of section 321J.2 and the person has been convicted of a violation of that section or the person's driver's license has been revoked under chapter 321J, and any of the following apply:
>
> . . . .
>
> (3) If the defendant has previously received *a deferred judgment or sentence* for a violation of section 321J.2, subsection 1, or for a violation of a statute in another state substantially corresponding to section 321J.2, subsection 1.
>
> . . . .
>
> *h.* Prior to the commission of the offense the defendant had been granted *a deferred judgment or deferred sentence* for a violation of section 708.2 or 708.2A which was issued on a domestic abuse assault, or was granted *similar relief anywhere in the United States* . . . .

*Id.* § 907.3(1) (emphasis added).

In another subsection of the same statute, the legislature states the circumstances under which the court may defer sentencing. *See id.* § 907.3(2). This subsection provides that the court may not defer sentence for a violation of section 708.2A "if the defendant has previously received *a deferred judgment or sentence* for a violation of section 708.2

or 708.2A which was issued on a domestic abuse assault, or if *similar relief was granted anywhere in the United States . . . .*" *Id.* § 907.3(2)(*a*) (emphasis added). Similarly, a deferred sentence is prohibited "[i]f the defendant has previously received *a deferred judgment or sentence* for a violation of section 321J.2, subsection 1, or for a violation of a statute in another state substantially corresponding to section 321J.2, subsection 1." *Id.* § 907.3(2)(*c*)(3) (emphasis added).

When the statute is considered as an integrated whole, it is apparent that when the legislature intended to include both deferred judgments *and* deferred sentences, it expressly referred to both sentencing options. This view leads us to the conclusion that when the legislature did *not* use both terms, but only "deferred judgment," it meant *only* deferred judgments and not deferred sentences. Accordingly, we think the legislature's use of the phrase "similar relief" in section 907.3(1)(*c*) was not a vague attempt to include deferred sentences within the scope of that provision. Rather, the phrase "similar relief" was meant to describe sentences from "anywhere in the United States" in which "both the adjudication of guilt and the imposition of a sentence" were deferred even though the foreign jurisdiction may refer to such relief by a name other than "deferred judgment."

**IV. Summary and Disposition.**

We hold section 907.3(1)(*c*) prohibits a defendant who has previously received two or more deferred judgments from obtaining another deferred judgment, but it does not prohibit a defendant who has only received two or more deferred sentences for prior offenses from receiving a deferred judgment. The district court erred in refusing to consider the option of a deferred judgment when it sentenced the defendant because the defendant's prior convictions resulted in deferred

sentences, not deferred judgments. We vacate the court of appeals' contrary decision, vacate the defendant's sentence, and remand this case for resentencing.

**DECISION OF COURT OF APPEALS VACATED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**