# IN THE COURT OF APPEALS OF IOWA

No. 14-1186
Filed July 22, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DANIEL VINCENT NEWELL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Martha Mertz, Judge.

A defendant appeals his sentence of incarceration. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, John W. Criswell, County Attorney, and Douglas A. Eichholz, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

David Newell appeals his sentence following a guilty plea to two crimes. Newell asserts the court abused its discretion in sentencing him and the court improperly assigned him court costs incurred for two dismissed counts. Because we find the district court misunderstood the sentencing options available to it and because the assessment of court costs to Newell for the dismissed counts was neither authorized by statute nor agreed to in the plea agreement, we vacate Newell's sentence and remand for resentencing.

**I. Background Facts and Proceedings.**

The State initially charged Newell with four counts, including: three counts of sexual abuse in the third degree, a class C felony, in violation of Iowa Code section 709.4(2)(c)(4) (2013); and one count of stalking, a class D felony, in violation of sections 708.11(2) and 708.11(3)(b)(3). On May 12, 2014, Newell, pursuant to a plea agreement, pled guilty to the following: one count of lascivious acts with a child, a class C felony, in violation of section 709.8; and one count of stalking a person under eighteen years of age, a class D felony, in violation of sections 708.11(2) and 708.11(3)(b)(3).

While issuing the sentence, the district court stated: "The Court has listened to the evidence, has heard the victim impact statements, and has considered the sentencing options available to it. The Court doesn't have a lot of sentencing options here. They are prison or probation."

The sentencing order stated: "In determining the sentence to be imposed the Court has considered that such sentence is consistent with the protection of

the public, the gravity of the offense, the rehabilitative needs of the Defendant, and the sentence is mandated by the Iowa Code."

The court sentenced Newell to a term of incarceration not to exceed ten years, running a ten-year sentence for count I and a five-year sentence for count IV concurrently. The other counts were dismissed upon the State's motions, assessing to Newell the court costs incurred for those dismissed counts. Newell appeals.

## II. Scope and Standard of Review.

We review the imposition of a sentence for an abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). "The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (citing *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983)). A sentence will be vacated when we are able to discern the district court's sentencing "decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (citing *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995)).

We review challenges to the legality of a sentence for correction of errors at law. *State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998). The amount of restitution is part of the sentencing order and may be directly appealed. *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984).

## III. Misperception of Sentencing Options.

Our task on appeal is not to second guess the decision made by the district court, but to determine whether it was based on untenable grounds. *See*

*Formaro*, 638 N.W.2d at 725; *see also State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978).

The court made a number of statements during sentencing suggesting it misperceived the sentencing options available to it. First, the court's statement: "The Court doesn't have a lot of sentencing options here. They are prison or probation." This statement is incorrect; there were a variety of options available to the court at the time of sentencing, including issuing a deferred judgment, a deferred sentence, or a suspended sentence. Iowa Code §§ 907.3(1)-(3).

The State asserts, because deferred judgments and deferred sentences both lead to placement on probation, they were implicitly included in the court's "prison or probation" comment. "Clearly, these sentencing options are alike in some respects, but they are not synonymous" with each other, with suspended sentences, or with probation. *State v. Kamber*, 737 N.W.2d 297, 299 (Iowa 2007). "In chapter 907, the legislature has separately defined these terms."[1] *Id.* "While not conclusive, these distinct definitions signal the legislature's intent that [the terms are] different." *Id.* Because deferred sentences, deferred judgments, and suspended sentences are different to sentences of "prison or probation" and

---

[1] As used in this chapter, unless the context otherwise requires:

1. "*Deferred judgment*" means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court . . . .
2. "*Deferred sentence*" means a sentencing option whereby the court enters an adjudication of guilt but does not impose a sentence . . . .
4. "*Suspended sentence*" means a sentencing option whereby the court pronounces judgment and imposes a sentence and then suspends execution of the sentence subject to the defendant's compliance with conditions set by the court . . . .
5. "*Probation*" means the procedure under which a defendant . . . is released by the court subject to supervision by . . . this state or by the judicial district department of correctional services.

Iowa Code § 907.1 (emphasis added).

because they were available at the time of sentencing, the court's "prison or probation" comment was misleading.

The State next contends Newell is ineligible for a deferred judgment or a deferred sentence because he did not request them specifically. Both the deferred judgment and deferred sentence subsections of the Iowa Code require these options be exercised "[w]ith the consent of the defendant." Iowa Code §§ 907.3(1)-(3). This important requirement that a defendant consent to these sentencing options exists because, by consenting to one of these sentencing options, a defendant waives his or her right to an appeal. *McKeever v. Gerard*, 368 N.W.2d 116, 119 (Iowa 1985).

Though a defendant must *consent* to a deferred judgement or a deferred sentence, the Iowa Code does not require a defendant to *request* the sentence specifically. *See* Iowa Code §§ 907.3(1)-(3). While it is true most defendants who ultimately consent to these sentencing options explicitly request them from the sentencing court, it is, in theory, possible for a sentencing court to offer the deferred judgment or deferred sentence, receive consent from the defendant, and then order the sentence without the defendant having first requested the sentence specifically. This is possible because *consent* has a different meaning than *request*.[2]

---

[2] *Consent* means a "voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, especially given voluntarily by a competent person; legally effective assent." Consent, *Black's Law Dictionary* 368 (10th ed. 2014). *Request* means "a motion by which a member invokes a right, seeks permission for the exercise of a privilege, or asks a question." Request, *Black's Law Dictionary* 1497 (10th ed. 2014).

Further, "legislative intent is expressed by what the legislature has said, not what it could or might have said. When a statute's language is clear, we look no further for meaning than its express terms." *State v. Beach*, 630 N.W.2d 598, 600 (Iowa 2001) (citations omitted). If the legislature intended to require a defendant to request a deferred judgment or sentence and then consent to the sentence, such requirement would have been stated in the statute. Though many defendants do request the court impose one of these alternate sentences, Iowa Code section 907.3 does not explicitly require them to do so. Because prison and probation were not the only two options available at the time of sentencing, the court's statement appeared to be misguided.

A second misstatement appears on the sentencing order itself: "[T]he sentence is mandated by the Iowa Code." The State contends this sentence is "not necessarily incorrect" because the Iowa Code provides for the ten and five year sentences imposed by the court. However, when a court states a particular sentence is "mandated by the Iowa Code," it means the sentence is mandatory. *See, e.g.*, *In re Det. of Mead*, 790 N.W.2d 104, 109 (Iowa 2010) (regarding statutory protections mandated by the Iowa Code); *State v. Wolford Corp.*, 689 N.W.2d 471, 473 (Iowa 2004) (regarding mandatory recording of certain real estate contracts); *In re Det. of Huss*, 688 N.W.2d 58, 64 (Iowa 2004) (regarding a psychological evaluation requirement). The sentence rendered by the court is not mandatory because, as noted above, there were a host of alternative sentences available to the court at the time of sentencing. This statement, therefore, is also incorrect.

There were additional instances during sentencing where the court appeared unsure of the legal basis for its decision. These statements do not alone constitute sufficient grounds for vacating Newell's sentence, but they contribute to the court's perceived confusion of the law. Regarding the no-contact order, the court stated: "Pursuant to Iowa Code Section 664A.5, the defendant shall have no contact with the victim . . . for a period of five years or the maximum term of his confinement—no, I guess it's five years is all I'm allowed, isn't it—okay—five years." Regarding the appeal bond, the court stated: "Bond on appeal as to both counts is set in the amount of ten—well, I guess there isn't bond on appeal available in this instance because—or is there—yes, there is—$10,000—I take that back—$10,000 as to both counts." Regarding sex offender treatment, the court stated: "I know you cannot discharge early unless you complete that [sex offender treatment] program, and I am recommending— although I'm not sure I have authority to order—I am recommending that you complete that program."

Two distinct statements, supplemented by a number of wavering statements made by the court, lead us to conclude the district court's sentencing decision is grounded in an untenable understanding of the law. Accordingly, we find an abuse of discretion.[3]

---

[3] The State argues, in the alternative, we should issue a conditional affirmance to allow the court to explain what it meant. *See State v. Hoeck*, 843 N.W.2d 67, 72 (Iowa 2014). Because we are already vacating and remanding the part of the sentence concerning illegal court costs, we elect to vacate the entire sentence and remand for resentencing without discussing the merits of this argument.

**IV. Illegal Sentence.**

Newell contends the court erred by ordering him to pay court costs incurred for the dismissed sex abuse counts because the plea agreement was silent on the payment of costs for those dismissed counts. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). The State agrees the court should have ordered dismissal without cost to Newell. Agreeing with the parties, we remand to the district court for entry of a corrected judgment order vacating the provision requiring Newell to pay costs associated with the dismissed charges.

**V. Conclusion.**

Given the court's misunderstanding of Newell's sentencing options, we find the court's exercise of discretion to have been made on clearly untenable grounds thereby constituting an abuse of discretion. *See State v. Sayles*, 662 N.W.2d 1, 8 (Iowa 2003). Further, the assessment of court costs to Newell for the dismissed counts was neither authorized by statute nor expressly agreed to by Newell in the plea agreement. Therefore, Newell's sentence is illegal; we vacate Newell's sentence and remand for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**