# IN THE COURT OF APPEALS OF IOWA

No. 23-1799
Filed January 23, 2025


**NASIR ABDUL WOODUD SHABAZZ JR.,**
    Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**
    Defendant.

_____


Certiorari from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A criminal defendant attempts to appeal and requests we treat his papers as a petition for writ of certiorari, claiming ineffective assistance of counsel and challenging the district court's reversal of its grant of a deferred judgment. **WRIT ANNULLED.**


Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for plaintiff.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for defendant.


Considered by Greer, P.J., Buller, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**GREER, Presiding Judge.**

Between 2019 and 2023, Nasir Abdul-Woodud Shabazz Jr. was facing pending criminal charges in three unrelated criminal cases. Entering into a global plea agreement to resolve the cases, he admitted guilt to four criminal counts, including a class "D" felony. Shabazz advocated for and the district court granted a deferred judgment at sentencing in two of his cases. But a few days later, the State moved to correct an illegal sentence, claiming Shabazz was not entitled to the deferred judgments under the law. The district court, upon further review, granted the State's motion to correct before entering judgment on the additional convictions and sentencing Shabazz to a term of suspended incarceration on those convictions.

Shabazz filed a notice of appeal and then a brief, challenging the district court's determination that granting him deferred judgments was an illegal sentence and claiming the district court abused its discretion when it changed course. Shabazz also claims his trial counsel was ineffective, and as a result, he was unaware a guilty plea would prevent him from challenging the ruling on his motion to suppress. After reviewing the record, we treat the appellate papers as a petition for writ of certiorari for the reasons explained in this opinion, we find no error in the decision of the district court regarding the reversal of its grant of a deferred judgment, and annul the writ.

## I. Background Facts and Proceedings.

We begin with the details around Shabazz's global plea agreement to draw focus on his appellate challenges. On January 27, 2023, Shabazz pled guilty in a

global plea agreement to charges in three different cases.[1]  As part of the plea

agreement, the State agreed to the following sentencing recommendations:

> FECR415387—the State's recommendation is that defendant . . . pay a fine of $430.00 and be sentenced to 120 days with all but the mandatory two days suspended and one year of unsupervised probation. . . .
> In FECR400378—The State will recommend . . . 5 years incarceration on Count 2 and a concurrent term of 2 years and a fine of $855.00 on Count 3.  Sentences of incarceration are to be suspended and Defendant placed on probation . . . .
> In AGCR414180—the State will recommend 2 years incarceration and a fine of $855.00.  The sentence is to be suspended and Defendant placed on supervised probation.  The State recommends that this sentence be ordered served consecutively to the sentence imposed in FECR400378.

The plea agreement allowed Shabazz to argue for other sentences, including a

deferred judgment.

At the sentencing hearing, counsel debated whether Shabazz could qualify

for deferred judgments.  Ultimately, the State took no position on the request for

deferred judgment.  The district court concluded Shabazz was eligible and stated:

> A technical legal issue is whether or not the defendant is deferred eligible.  From the facts that have been presented to the Court, it appears that in Illinois the defendant entered into a plea agreement for a deferred judgment but that agreement was violated so he never received the deferred.  It was never granted to him and revoked.  He just had the offer of it.  The Court finds that the offer of the plea that was not granted to him and not revoked does not count; therefore, the defendant is, in fact, deferred eligible at this time.

---

[1] As part of the plea agreement, in case FECR415387, Shabazz pled guilty to domestic abuse assault causing bodily injury, a serious misdemeanor.  In case number FECR400378, Shabazz pled to failure to affix a drug stamp, a class "D" felony, and driving while barred, an aggravated misdemeanor.  And, in AGCR414180, Shabazz pled guilty to eluding, second or subsequent violation, an aggravated misdemeanor.  All other charges and related misdemeanors were dismissed.

The sentencing order confirmed the district court's intention to defer the judgment and sentence as to two of the cases involved:

> At the request and with the consent of the Defendant, and pursuant to Defendant's pleas of guilty in:
>
> FECR400378, Count 2, Failure to Affix Drug Stamp, in violation of Sec. 453B.12;
> FECR400378, Count 3, Driving While Barred, in violation of Sec. 321.560;
> AGCR414180, Count 1, Eluding, Second or Subsequent Violation, in violation of Sec. 321.279(1) and the provisions of Sections 901.5 and 907.3 of the Code of Iowa, sentence and judgment are deferred at this time and the Defendant is placed on probation during good behavior for a period of 2 years to the Seventh Judicial District Department of Correctional Services, unless sooner released by the Court upon recommendation of the probation officer, under such terms and conditions as they shall prescribe. It is further ordered that Defendant pay all applicable surcharges.

As to the third case involved, the district court followed the State's recommendation and sentenced Shabazz to 120 days in jail with 118 days suspended along with a fine of $430 and applicable surcharges. Days after the sentencing order was filed, the State filed a motion to correct illegal sentences, arguing that Shabazz was not eligible for deferred judgments because he received a deferred judgment in Iowa on July 28, 2017, and had "similar relief" in Illinois on August 30, 2018, when he "received court supervision" there. At a hearing to address the State's motion, the district court heard new evidence concerning Shabazz's previous criminal conviction in Illinois; the evidence showed he had been sentenced to "court supervision," but it was later revoked. After hearing arguments, the district court granted the State's motion to correct an illegal sentence, stating:

> The Court believes this is a legal issue to decide. The Court is required to determine—the Court accepts the agreement of the parties that [Shabazz] has received one deferred judgment in the Cedar County case that has been referenced in discussion here.

The question is whether or not the Illinois case qualifies as a similar relief under [section] 907.3. The Court is aware that [Shabazz] was granted this relief as set forth in the record in Illinois. The Court does point out to the parties and to [Shabazz] that [section] 907.3 doesn't require that he receive the same relief, just similar.

The Court finds that, legally speaking, the Illinois result received by [Shabazz] is similar to Iowa's deferred judgment statute. Therefore, [Shabazz], at the time he was sentenced in this matter on August 10 of 2023, had received two deferred judgments or similar reliefs and therefore was not eligible to receive a deferred—a third deferred judgment that had been granted by this Court.

The State's motion to correct an illegal sentence is legally correct and is granted.

The district court then imposed judgment against Shabazz in FECR400378 and AGCR414180 and ordered him to serve concurrent suspended terms of incarceration, placing Shabazz on probation.

As to the final issue in this case, before pleading guilty to the charges in FECR400378, Shabazz moved to suppress evidence obtained from an allegedly illegal search and seizure of a vehicle he was driving. After a hearing on August 20, 2019, the district court denied the motion, finding the events leading to Shabazz's arrest did not constitute a seizure but instead a consensual encounter between Shabazz and law enforcement. Shabazz contends that his attorney did not advise him about the consequences of his guilty plea on his right to appeal the suppression decision.

Shabazz filed a notice of appeal, and we address each of his challenges and a form-of-review question along the way.

## II. Standard of Review.

A claim of ineffective assistance of trial counsel implicates the constitutional right to counsel, so we review de novo. *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa

2018). "We review illegal-sentence challenges, questions of statutory interpretation, and original certiorari actions for correction of errors at law." *Anderson v. Iowa Dist. Ct.*, 989 N.W.2d 179, 181 (Iowa 2023).

## III. Discussion.

Shabazz raises two arguments. At the core of his one argument is a claim of ineffective assistance of counsel. Flowing from this initial claim, Shabazz asserts that had his counsel been effective, he would not have pled guilty, as he was unaware a guilty plea foreclosed the opportunity to appeal an adverse ruling on his motion to suppress. His second claim challenges the district court's grant of the State's motion to correct illegal sentences, reversing its award of his deferred judgment. We evaluate each argument in turn.

## A. Ineffective Assistance of Counsel.

While also suggesting we can now "reverse the denial of the motion to suppress," Shabazz argues he was "denied his Sixth Amendment right to effective counsel because counsel committed a clear error." by "failing to advise [him] of the effect the guilty plea would have on his ability to appeal the denial of the motion to suppress." But this court may not evaluate an ineffective-assistance-of-counsel claim on direct appeal or address the ruling on the motion to suppress. As amended in 2019, Iowa Code section 814.7 (2023) states:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

We make no evaluation of the merits of Shabazz's claim, as Iowa Code section 814.7 deprives us of any authority to decide a claim of ineffective assistance of counsel on direct appeal. *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021) ("[The defendant] has no right to assert a claim of ineffective assistance of counsel on direct appeal, and this court has no authority to decide a claim of ineffective assistance of counsel on direct appeal.").

## B. Deferred Judgment.

As an initial step, we address the State's argument that Shabazz did not properly invoke the jurisdiction of this court because this is not an appeal from a final judgment but Shabazz instead seeks review from the grant of a motion to correct an illegal sentence, thus Shabazz should have petitioned for a writ of certiorari. *See State v. Propps*, 897 N.W.2d 91, 96–97 (Iowa 2017). In his reply brief, Shabazz asks this court to "treat his notice of appeal and the relevant portion of [his] brief as a petition for a writ of certiorari." "[I]f a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action." *Id.* at 97; *see also* Iowa R. App. P. 6.108 (2023).[2] Noting that

---

[2] Effective April 1, 2024, Iowa Rule of Appellate Procedure 6.151 states in part:

> 6.151(1) *General rule.* If any case is initiated by a notice of appeal, an application for interlocutory appeal, an application for discretionary review, or a petition for writ of certiorari and the appellate court determines another form of review was the proper one, the case will not be dismissed, but will proceed as though the proper form of review had been requested.
>
> 6.151(2) *Appellate court may request further action.* The appellate court may treat the documents upon which the action was initiated as seeking the proper form of review and, in appropriate cases, may order the parties to file jurisdictional statements or file documents supporting the proper form of discretionary review.

we could conceivably consider this appellate action under either vehicle, we accept the consensus of the parties and proceed as if Shabazz petitioned for writ of certiorari, grant the petition, proceed to consider the merits of his challenge, and amend the case caption accordingly.[3]

"A writ of certiorari lies where a lower . . . court has exceeded its jurisdiction or otherwise has acted illegally." *State Pub. Def. v. Iowa Dist. Ct.*, 747 N.W.2d 218, 220 (Iowa 2008) (citation omitted). A district court commits an illegal act when "findings lack substantial evidentiary support, or when the court has not properly applied the law." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998).

Turning to the merits of this challenge, all parties agree Shabazz had previously been granted a deferred judgment in Iowa in 2017. The State argues Shabazz used his second opportunity for a deferred judgment, or similar relief, in Illinois when he was sentenced to supervision in 2018. *See Johnston v. Iowa Dep't of Transp.*, 958 N.W.2d 180, 189 (Iowa 2021) (McDermott, J., dissenting) ("The legislature has . . . limited the number of times a defendant can receive a deferred

---

6.151(3) *Opposition.* This rule does not preclude opposing parties from filing a motion to challenge the form of review.

[3] We note this appellate action follows an order granting the State's motion for illegal sentence, which also imposed new sentences on Shabazz. The hearing on the State's motion pivoted to a resentencing hearing once the motion to correct illegal sentence was granted. As such, Shabazz does not contend the sentence that was made part of the order on the motion to correct illegal sentence is illegal, but that the district court abused its "discretion on grounds or for reasons that were clearly untenable or unreasonable." *See State v. Sayles*, 662 N.W.2d 1, 8 (Iowa 2003) (requiring resentencing where court's misunderstanding of the sentencing options constituted an exercise of discretion on untenable grounds). While *Propps* is not directly on point as to whether an appeal from a grant of motion for correction of an illegal sentence followed by a resentencing requires an appellant to proceed under a petition for writ of certiorari, we reserve that question for a different day given the agreement of the parties on the proper process here. 897 N.W.2d at 96–97 (noting a final judgment in a criminal case means a sentence).

judgment in the course of a lifetime; like eyeballs, you only get two."). When counting the number of deferred judgments granted, Iowa's legislature considered that a defendant might have received a remedy similar to our deferred judgment statute in another state. Under section 907.3(1) (Supp. 2023):

> (a) With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon conditions as it may require. A civil penalty shall be assessed as provided in section 907.14 upon the entry of a deferred judgment. However, the court shall not defer judgment if any of the following is true:
> . . . .
> (2) Prior to the commission of the offense the defendant has been granted a deferred judgment or *similar relief*, two or more times anywhere in the United States.

(Emphasis added.)

On his end, Shabazz argues supervision in Illinois does not qualify as "similar relief" under section 907.3(1)(a)(2), leaving the door open for a second deferred judgment under Iowa law.

To start our analysis, we look to the terms of the various statutes. Shabazz was given a deferred judgment, under section 907.3, in Iowa in 2017. For the purposes of chapter 907, deferred judgment means:

> [A] sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court and whereby the court assesses a civil penalty as provided in section 907.14 upon the entry of the deferred judgment. The court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment.

Iowa Code § 907.1(1). Put another way:

> [W]ith a deferred judgment, the court enters no adjudication of guilt and imposes no sentence. The defendant instead is placed on probation. If the defendant successfully completes the probation, the defendant is discharged, no judgment or sentence is entered or imposed, and the court's criminal record in the case is expunged. If

> the defendant fails to complete the probation, the court may revoke the probation, enter judgment, and sentence the defendant.

*State v. Gordon*, 998 N.W.2d 859, 864 (Iowa 2023) (internal citations omitted). In Illinois, Shabazz was sentenced to supervision. According to the Illinois Compiled Statutes, supervision means:

> a disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered.

730 Ill. Comp. Stat. 5/5-1-21 (2018). Illinois courts have "likened supervision to a continuance, with a dismissal of the charge against the defendant conditioned upon compliance with the terms of release set by the court." *People v. Rogers*, 184 N.E.3d 222, 229 (Ill. 2021) (Burke, C.J., specially concurring). At bottom, both deferred judgments and "supervision" in Illinois delay the adjudication of a crime and give an individual the opportunity to forgo a finding of guilt if the individual abides by court restrictions.

Chapter 907 contains no definition of "similar relief." "When the legislature has not defined words of a statute, we look to prior decisions of this court and others, similar statutes, dictionary definitions, and common usage." *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003). So, we start by reviewing cases where our courts have taken up the task of defining "similar relief" within the bounds of the Iowa law, specifically in context of chapter 907. *State v. Kamber* is alone in addressing the terms "similar relief," but it did so in the context of the differences found between a deferred sentence and a deferred judgment, both allowed under chapter 907. 737 N.W.2d 297, 300 (Iowa 2007) (holding that receipt

of two or more deferred sentences would not prohibit a defendant from receiving a deferred judgment).  The *Kamber* court addressed the "similar relief" language by noting:

> Rather, the phrase "similar relief" was meant to describe sentences from "anywhere in the United States" in which "*both the adjudication of guilt and the imposition of a sentence" were deferred* even though the foreign jurisdiction may refer to such relief by a name other than "deferred judgment."

*Id.* (emphasis added).  Although *Kamber* does not address the same issue that we face here, we take *Kamber* to stand for the proposition that this court should consider judgments across states and articulate the differences of judgments as imposed, not just look at the name assigned to the judgment.

Shabazz contends that there are two key differences that make the Illinois statute inapplicable as a grant of "similar relief" and, thus, he should not have had the deferred judgment revoked.  First, Shabazz points to differences in whether probation is required—in the Illinois statute there is a "conditional and revocable release *without probationary supervision.*"  730 Ill. Comp. Stat. 5/5-1-21. (emphasis added).  In Iowa, the court "*may place the defendant on probation.*" Iowa Code § 907.3(1)(a) (emphasis added).  As Shabazz characterizes this difference: "Illinois' supervision program serves as an alternative to probation while Iowa's deferred judgment works in tandem with a probation sentence."  On our review, we find the language that allows an Illinois court to place individuals on supervision "under conditions and reporting requirements" determined by the court similar to the option in Iowa where a court may place the individual on probation. Both Illinois and Iowa courts require individuals operating under their respective statutes to abide by the law and comply with court-designated restrictions.  Likely,

probation and court-mandated supervision are flexible; the terms of probation or supervision are tailored to the individual and the actions that led them there. For our purposes in interpreting the language of section 907.3, we find no meaningful difference between probation and the court-mandated "conditions and reporting" found in the Illinois statute. In other words, they offer similar relief.

A second key difference advocated by Shabazz is how the two states treat the case after successful completion. In Iowa, the statute treats the criminal record as an "expunged record," confidential and exempt from public access. Iowa Code § 907.9(4)(b). In Illinois, there is no expungement, instead "the defendant is discharged and a judgment dismissing the charges is entered." 730 Ill. Comp. Stat. 5/5-1-21. Although dismissal of charges without expungement may leave a paper trail available to the public, for the purposes of interpreting section 907.3, we find no meaningful difference between dismissal and expungement of charges at the completion of the court requirements. In both cases, the individual subject to either supervision or deferred judgment is released from punishment and possible conviction for their actions because they complied with court-mandated requirements. Turning back to *Kamber* and its description of the meaning of "similar relief," here both the Iowa and Illinois statutes address both a defendant's "*adjudication of guilt and the imposition of a sentence*" by allowing a defendant to avoid a judgment for the crime. *See Kamber*, 737 N.W.2d at 300.

## IV. Conclusion.

After comparing Illinois's supervision and Iowa's deferred-judgment statutes, we find the two statutes provide similar relief and, thus, the district court

correctly found that Shabazz could not be sentenced to what would have constituted a third deferred judgment. We annul the writ of certiorari.

**WRIT ANNULLED.**